IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES NATHANIEL WHITFIELD,** | ) | Civil Case No. 7:17cv00569 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **MELVIN DAVIS,** | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

James Nathaniel Whitfield, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Pittsylvania County Circuit Court. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court grants the motion and dismisses the petition as time-barred.[1]

I.

On May 27, 2014, after a jury found Whitfield guilty, the Pittsylvania County Circuit Court entered a final order convicting him of possessing cocaine with intent to distribute as a third or subsequent offense and possession of marijuana. The court sentenced him to a total of twenty years and thirty days of incarceration. With counsel, Whitfield appealed and the Court of Appeals of Virginia denied his appeal. On December 30, 2015, the Supreme Court of Virginia refused his pro se appeal. Whitfield did not file a petition for a writ of certiorari to the Supreme Court of the United States. On October 3, 2016, Whitfield filed a "motion to vacate an unlawful sentence" in the circuit court, and court denied his motion on October 7, 2016. On December 28, 2016, Whitfield simultaneously filed petitions for a writ of habeas corpus with the circuit court

---

[1] Finding that appointment of counsel to assist Whitfield in this 28 U.S.C. § 2254 proceeding is not in "the interests of justice," see 18 U.S.C. § 3006A, the court will deny his motion to appoint counsel (ECF No. 25).

and with the Supreme Court of Virginia.[2] The circuit court denied the habeas petition on May 26, 2017, rejecting his claims as non-cognizable, without merit, or both. The Supreme Court of Virginia dismissed Whitfield's habeas petition on October 11, 2017, finding that it was "barred" by Virginia Code § 8.01-663, because Whitfield had raised the same claims in the circuit court and did not appeal the circuit court's dismissal of his petition. Whitfield filed the instant petition no earlier than December 19, 2017. See Pet., ECF No. 1, 25; R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Whitfield alleges nothing to support application of § 2244(d)(1)(B)-(D). Under § 2244(d)(1)(A), Whitfield's conviction became final on March 29,

---

[2] It appears that Whitfield filed an original copy of his petition in the circuit court and a photocopy of the same petition in the Supreme Court of Virginia.

2016, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired, and the statute of limitations began to run on that date.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Whitfield properly filed a habeas petition in the Pittsylvania County Circuit Court on December 28, 2016, and the statute of limitations stopped running on that date after 274 days.[3] The court dismissed his petition on May 26, 2017, and the statute of limitations began running again on that date. Whitfield's habeas petition filed in the Supreme Court of Virginia did not toll the statute of limitations because it was not "properly filed." See, e.g., McNabb v. Kiser, No. 7:17cv00449, 2018 U.S. Dist. LEXIS 84815, at *5 n.2, 2018 WL 2298376, at *2 n.2 (W.D. Va. May 21, 2018); Dean v. Johnson, No. 2:07cv320, 2007 U.S. Dist. LEXIS 99160, at *15, 2007 WL 4232732, at *4 (E.D. Va. Nov. 1, 2007). Therefore, the limitations period ran for another 207 days before Whitfield filed his federal habeas petition on December 19, 2017. Inasmuch as the statute of limitations ran for a total of 481 days before Whitfield filed his federal habeas petition, the petition is time-barred unless he demonstrates that the court should equitably toll the limitations period, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

---

[3] The court notes that the statute of limitations may also have been statutorily tolled during the pendency of Whitfield's "motion to vacate an unlawful sentence" which he filed in the circuit court. See 28 U.S.C. § 2244(d); Wall v. Kholi, 562 U.S. 545, 553 (2011). However, even if the statute of limitations was tolled, the five days that the motion was pending do not affect the court's analysis of the timeliness of Whitfield's petition because the petition was filed more than five days untimely.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)). Whitfield has presented no specific evidence to suggest that he was prevented from complying with the statutory time limit. Accordingly, the court finds no basis to equitably toll the limitations period.

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Whitfield has not presented any new evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for excusing his untimely filing. Accordingly, the court concludes that Whitfield's petition is time-barred.[4]

---

[4] The parties summarily mention the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012). The court notes, however, that Martinez does not save Whitfield's untimely federal habeas petition because "[t]he

## III.

Based on the foregoing, the court will grant respondent's motion to dismiss.

**ENTER**: This 18th day of March, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

decision in <u>Martinez</u> fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." <u>Ward v. Clarke</u>, No. 3:14cv11-HEH, 2014 U.S. Dist. LEXIS 157345, at *3 (E.D. Va. Nov. 6, 2014) (citing <u>Lambrix v. Sec'y, Fla. Dep't Corr.</u>, 756 F.3d 1246, 1262 (11th Cir. 2014)).